**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUAN RIVERA, ) | |
|              Plaintiff, ) | Case No. 2:14-cv-01288-JAD-GWF |
| vs. ) | **ORDER** |
| STEVEN WOLFESON, et al., ) | Civil Rights Complaint (#1) |
|              Defendants. ) | |

This matter comes before the Court on Plaintiff's Civil Rights Complaint (#1), filed on August 6, 2014.

**BACKGROUND**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his Fifth Amendment right against self-incrimination, unlawful seizure, and due process violations. Plaintiff alleges that Defendants with the Las Vegas Metropolitan Police Department ("LVMPD") wrongfully removed him from his home without a warrant or his consent, detained him at the Homicide Bureau, and proceeded to question him without reading him his Miranda rights or informing him that he was being investigated for a death penalty case. Plaintiff further alleges that Defendants with the District Attorney's Office, acting under color of law, knowingly and willfully prosecuted his case with full knowledge that the LVMPD officers violated his Constitutional rights and lied in their official statements. Plaintiff also brings this action against his appointed Clark County Public Defenders for violating his right to effective assistance of counsel. Plaintiff represents that his appointed counsel failed to investigate the case and advocate on his behalf. Plaintiff requests that all current and pending charges be dismissed, seeks monetary compensation, and moves this Court to order the disbarment and termination of those officials involved.

**DISCUSSION**

### I.  Application to Proceed In Forma Pauperis

To proceed *in Forma Pauperis*, a prisoner must submit an Application to Proceed *in Forma Pauperis* and financial affidavit with a signed acknowledgment. *See* 28 U.S.C. § 1915(a)(1). Here, Plaintiff failed to submit an application in lieu of the $350.00 filing fee to proceed with this action. The Court therefore is unable to proceed with Plaintiff's Civil Rights Complaint (#1) at this time. Plaintiff is advised that should he wish to proceed with this action, he must file a copy of his complaint with a completed Application to Proceed *in Forma Pauperis* pursuant to the above discussion.

### II.  Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Though the Court did not grant Plaintiff's Application to Proceed *in Forma Pauperis*, the Court will proceed to screen Plaintiff's Complaint (#1) for informational purposes should Plaintiff wish to pursue this action.

#### 1.  Plaintiff's claims under 42 U.S.C. § 1983

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution. *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). Where a § 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of the conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). The Supreme Court later clarified that *Heck*'s principle (also known as the "favorable termination" rule) applies regardless of the form of remedy sought, if the § 1983 action implicates the validity of an underlying conviction or a prison disciplinary sanction. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *see also Whitaker v. Garcetti*, 486 F.3d 572, 583-85 (9th Cir. 2007) (explaining that the "sole dispositive question is whether a plaintiff's claim, if successful, would imply the invalidity of [the plaintiff's] conviction."); *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (concluding that § 1983 claim was not cognizable because allegation of procedural defect would

result in an automatic reversal of the prison disciplinary sanction.); *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994) (concluding that § 1983 claim was not cognizable because allegations were akin to malicious prosecution claim.)

Here, if successful, Plaintiff's claims for violations of his Fifth Amendment right against self-incrimination, unlawful seizure, and due process violations would imply the invalidity of Plaintiff's conviction, which has not been overturned.

If Plaintiff wishes to proceed with his action, he is advised that he must either submit an Application to Proceed *in Forma Pauperis* or pay the $350.00 filing fee pursuant to 28 U.S.C. § 1915(a)(1). Plaintiff is further advised that Local Rule 215 requires the use of the civil rights complaint form by anyone not represented by counsel. Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall send Plaintiff an Application for incarcerated individuals to Proceed *in Forma Pauperis* in the United States District Court for the District of Nevada. The Clerk of the Court shall also send Plaintiff a civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **September 12, 2014** to file an Application to proceed *in forma pauperis* or to submit the appropriate filing fee or the above-captioned case shall be dismissed.

DATED this 15th day of August, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge